## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MARQUITA LEIGH MEREDITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action Nos.**    **1:22-00466** |
| | ) | **1:22-00515** |
| **JESSICA MCGRAW,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) The United States Federal Bureau of Prisons' Motion to Substitute the United States as the Appropriate Party and Motion to Dismiss Punitive Damages Claim (Document No. 15), filed on May 1, 2023; and (2) Defendant McGraw's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 17), also filed on May 1, 2023. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Defendants in moving to dismiss. (Document No. 21.) Plaintiff filed her Objections and Response in Opposition on June 2, 2023. (Document Nos. 22 and 23.) Having examined the record and considered the applicable law, the undersigned has concluded that the United States Federal Bureau of Prisons and Defendant McGraw's Motions (Document Nos. 15 and 17) should be granted.

### PROCEDURAL HISTORY

On October 24, 2022, Plaintiff, acting *pro se*,[1] filed her "Motion of Appeal for Denial of

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed

FTCA Claim" initiating Civil Action No. 1:22-cv-00466. (Civil Action No. 1:22-00466, Document No. 1.) As Defendants, Plaintiff named the following: (1) United States Federal Bureau of Prisons ("BOP"); and (2) Jessica McGraw. (Id.) By "Order and Notice" entered on October 25, 2022, the undersigned first noted that it was unclear as to whether Plaintiff was asserting (1) a tort claim pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, (2) a claim for alleged violations of her constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), or (3) both. (Id., Document No. 3.) Second, the undersigned noted that Plaintiff had neither paid the filing and administrative fee totaling $402 nor submitted an Application to Proceed Without Prepayment of Fees and Costs. (Id.) Therefore, the undersigned directed that Plaintiff had until November 25, 2022, to do the following: (1) File an Amended Complaint clarifying whether she was seeking relief under Bivens, the FTCA, or both; and (2) Either pay the filing and administrative fee totaling $402 or file an Application to Proceed Without Prepayment of Fees and Costs. (Id.) On November 10, 2022, Plaintiff filed her Application to Proceed Without Prepayment of Fees and Costs and Amended Complaint claiming entitlement to relief pursuant to the FTCA. (Document Nos. 4 and 5.) In her Amended Complaint, Plaintiff named the BOP as the sole Defendant. (Document No. 5.) Under the "Statement of Claim" section, Plaintiff merely stated that "[d]ue to neglect and malpractice the top of my fibula has broken off . . .." (Id., p. 5.) Although the undersigned noted that it was clear that Plaintiff was wishing to pursue a medical negligence claim under the FTCA, Plaintiff completely failed to state specific facts supporting such. (Id.) By Order entered on November 15, 2022, the undersigned ordered that Plaintiff had until December 16,

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2022, to amend her Complaint to state specific facts as to how the United States or its employee

was negligent thereby causing injury to Plaintiff. (Id.) On November 28, 2022, Plaintiff filed her

second Amended Complaint claiming entitlement to relief pursuant to the FTCA and naming the

BOP as the sole Defendant. (Id., Document No. 7.) Plaintiff alleges that medical staff at FPC

Alderson acted with negligence when evaluating and providing medical treatment for the injury to

her leg, which resulted in Plaintiff's leg being permanently disabled. (Id.) In support, Plaintiff

states as follows:

> On July 25, 2021, Plaintiff was playing softball on the field designated for inmates
> to play on. On or around 2:50 p.m., Plaintiff was running between the bases when
> the Plaintiff felt her leg pop and immediately fell to the ground on the inmate
> softball field. The impact of the fall caused the Plaintiff excruciating pain. Plaintiff
> began screaming for help. Other inmates who were nearby ran to the Plaintiff and
> helped the Plaintiff off the ground. The inmates went to find the guards to be able
> to bring the Plaintiff up to the top of the mountain to Health Services. After some
> time, the guards finally arrived and put the Plaintiff in a vehicle, then transporting
> the Plaintiff to the front door of Health Services causing the Plaintiff to have to
> walk on Plaintiff's own into Health Services. Plaintiff was then examined by Jessica
> McGraw. Plaintiff expressed to Ms. McGraw the excruciating pain she was
> experiencing. Plaintiff also expressed there is no way possible Plaintiff could walk
> without any assistance. Ms. McGraw continued to poke and pull on the Plaintiff's
> leg so hard that the Plaintiff screamed and tears expelled from her eyes. Plaintiff
> kept explaining to Ms. McGraw about the pain only to be ignored and brushed off
> as an inconvenience. Ms. McGraw ignored every request the Plaintiff made to stop
> hurting the leg. Ms. McGraw then informed the Plaintiff there would be no crutches
> or wheelchair to assist the Plaintiff. Ms. McGraw made it clear that pain medication
> would not be administered. Ms. McGraw (a nurse not a physician) expressed again
> that the Plaintiff was perfectly fine. Ms. McGraw then forced the Plaintiff to walk
> on a broken leg with no assistive device and no pain meds. Plaintiff is convinced
> this cause more extensive damage from the unnecessary movement from the time
> of the injury without the care of a physician due to the negligence of Ms. McGraw
> making an uneducated, unqualified and negligent observation of the Plaintiff. The
> Plaintiff is now permanently disabled. For the next two days Plaintiff continued to
> go to sick call only to be ignored and medically neglected by the unqualified
> personnel of Health Services. Ms. McGraw continued to ignore the severity of the
> Plaintiff's condition in violation of Plaintiff's constitutional right to medical
> treatment while in custody of the Bureau of Prisons. Plaintiff called family
> members to reach out to the Regional Director of the BOP to even get an x-ray.

3

Plaintiff has since been diagnosed with two fractures and the end of the Plaintiff's bone is completely broken off. Plaintiff suffered months with 2 fractures at the hands of Ms. McGraw's negligence. Plaintiff was left to unnecessarily suffer with no medical treatment, no surgery, nor physical therapy which could have saved the use of the Plaintiff's leg. Plaintiff currently has a disability impairment and is no longer able to walk with no limp or an assistive device, brace, or cane. Plaintiff still has significant pain. Plaintiff has trouble with activities of daily living due to the negligence of the BOP and Ms. McGraw. The Plaintiff will be unable to even play with her own children due to the disability the Plaintiff now suffers from. Plaintiff's injury was 07/25/2021. Plaintiff never received care nor saw a physician until 2 months later.

(Id., p. 5.) As relief, Plaintiff requests monetary damages. (Id., p. 4.) By Order entered on February 24, 2023, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed that the Clerk's Office issue process. (Id., Document No. 8.) On February 27, 2023, the Clerk's Office issued process. (Id., Document No. 9.)

On November 10, 2022, Plaintiff, acting *pro se*, filed her Complaint with this Court seeking relief for alleged violations of her constitutional rights pursuant to Bivens thereby initiating Civil Action No. 1:22-00515. (Civil Action No. 1:22-00515, Document No. 1.) By Order entered on November 15, 2022, the undersigned directed Plaintiff to amend her Complaint to state specific facts as to how each defendant violated her constitutional rights. (Id., Document No. 4.) On November 28, 2022, Plaintiff filed her Amended Complaint naming Jessica McGraw, Nurse at FPC Alderson, as the sole Defendant. (Id., Document No. 5.) Plaintiff alleges that Defendant McGraw acted with deliberate indifference when evaluating and providing medical treatment for the injury to Plaintiff's leg, which resulted in Plaintiff's leg being permanently disabled. (Id.) In support, Plaintiff states the exact same facts as alleged in Civil Action No. 1:22-cv-00466. (Id., p. 5.) As relief, Plaintiff requests monetary damages. (Id., p. 4.) By Order entered on February 24, 2023, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and

4

Costs and directed that the Clerk's Office issue process. (Id., Document No. 6.) On February 27, 2023, the Clerk's Office issued process. (Id., Document No. 7.)

By Order entered on April 26, 2023, the undersigned consolidated Case Nos. 1:22-cv-00466 and 1:22-cv-00515, with Case No. 1:22-cv-00466 designated as the lead action. (Case No. 1:22-cv-00466, Document No. 14.) On May 1, 2023, the BOP filed its Answer and a Motion to Substitute the United States as the Appropriate Party and Motion to Dismiss Punitive Damages Claim. (Id., Document Nos. 15 and 16.) Also on May 1, 2023, Defendant McGraw filed her "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Id., Document Nos. 17 and 20.) As Exhibits, Defendant McGraw attaches the following: (1) The Declaration of Misty Shaw (Id., Document No. 17-1, pp. 2 – 3.); (2) A copy of Plaintiff's "Inmate History ADM-REL" dated March 16, 2023 (Id., p. 5.); (3) A copy of Plaintiff's "Administrative Remedy Generalized Retrieval" dated March 7, 2023 (Id., pp. 7 – 9.); (4) The Declaration of Dana Renick (Id., Document No. 17-2, pp. 2 – 4.); and (5) A copy of Plaintiff's pertinent medical records (Id., pp. 6 – 260 and Document No. 17-3.).

Notice pursuant to Roseboro was issued to Plaintiff on November 2, 2023, advising her of the right to file a response to the BOP and Defendant McGraw's Motions. (Id., Document No. 21.) On June 2, 2023, Plaintiff filed her Objections and Response in Opposition. (Id., Document Nos. 22 and 23.)

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

5

662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary

judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-moving movant." Wai Man Tom v. Hospitality Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020)(citations omitted.); also see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(A "material fact" is a fact that could affect the outcome of the case); CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647, 658 *4th Cir. 2020)("A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict of the nonmoving party."); FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013)(A "genuine issue" of material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor). "The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." Wai Man Tom, 980 F.3d at 1037. The moving party may satisfy this burden by showing that the non-moving party has failed to prove an essential element of the non-moving party's case that the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim.). Once the moving party demonstrates the lack of evidence to support the

non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); also see Wai Man Tom, 980 F.3d at 1037(citation omitted)("[T]o survive the motion for summary judgment, [the non-moving party] may not rest on the allegations averred in his pleadings. Rather, the nonmoving party must demonstrate specific, material facts exist that give rise to a genuine issue.") Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 247-48, 106 S.Ct. 2505("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); Perry v. Kappos, 2012 WL 2130908, * 3 (4th Cir. 2012)(quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)("At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action.") All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356; also see Sedar v. Reston Town Center Property, LLC, 988 F.3d 756, 763 (4th Cir. 2021)("The requirement to construe the facts, and all reasonable inferences therefrom, in the light most favorable to the non-moving party does not require [the court] to accept cherry-picked snippets of the testimony divorced from their context."). Additionally, the court is not allowed to make credibility determinations or weigh the evidence at the summary judgment stage. Stanton v. Elliott, 25 F.4th 227, 234 (4th Cir. 2022)(noting that the disbelief in a non-moving party's ability to succeed on the merits is insufficient to grant summary

judgment). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate. See Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993)(Summary judgment is proper where it is apparent from the record that "no reasonable jury could find for the nonmoving party.")

**DISCUSSION**

1.    **FTCA Claim:**

In its Motion, the BOP first argues that it should be dismissed as to Plaintiff's FTCA claim and the United States substituted as the Defendant. (Civil Action No. 1:22-00466, Document No. 15.) The BOP explains that the United States is the only proper party in a suit under the FTCA. (Id., p. 1.) To the extent Plaintiff seeks to hold an individual defendant responsible for his or her alleged negligence, BOP argues that the United States should be substituted as the sole defendant for Plaintiff's claims arising under the FTCA. (Id.) Second, the BOP argues that Plaintiff improperly requests punitive damages concerning her FTCA claim. (Id., p. 2.) Plaintiff fails to address this issue in her Objections. (Id., Document No. 22.)

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq.*, authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under

9

like circumstances, but *shall not be liable for interest prior to judgment or for punitive damages*.

28 U.S.C. § 2674(emphasis added). Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980). Thus, "the only appropriate defendant in an FTCA action is the United States." Columbia Gas Transmission, LLC v. United States, 2015 WL 4276334, * 9, fn. 2 (S.D.W.Va. July 14, 2015)(J. Chambers); also see Brown v. United States, 584 Fed.Appx. 149 (4th Cir. 2014)(noting that plaintiff commenced her FTCA action against the wrong defendants and the United States was substituted as the proper defendant); Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009)(stating that an FTCA claim may only be brought against the United States); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008)("The only proper defendant in an FTCA action is the United States."); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States."). The undersigned, therefore, finds that the United States should be substituted as the sole Defendant concerning Plaintiff's FTCA claim. Additionally, the FTCA clearly prohibits the award of punitive damages. See 28 U.S.C. § 2674. The Fourth Circuit has explained that "[t]he FTCA's proscription of awards of punitive damages authorizes only those awards that compensate or reimburse, or provide recompense or redress for injuries suffered by the claimant." Flannery for Flannery v. United States, 718 F.2d 108, * 111 (4th Cir. 1983); also see Dunbar Corp. v. Lindsey, 905 F.2d 754 (4th Cir. 1990)("[P]unitive damages in an FTCA suit are statutorily prohibited."). Thus, the undersigned finds that Plaintiff's requests for punitive damages concerning her FTCA claim should be dismissed. Accordingly, the undersigned respectfully recommends that the District

Court grant the BOP's Motion to Substitute the United States as the Appropriate Party and Motion to Dismiss Punitive Damages Claim (Document No. 15).

**2.**    **Bivens Claim:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[2] The United States Supreme Court has held

---

[2] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA

that an inmate may name a federal officer in an individual capacity as a defendant in alleging an

Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S.

294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against

the United States, federal agencies, or public officials acting in their official capacities. See FDIC

v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce,

933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

**A.     Failure to Exhaust:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates

exhaust available administrative remedies prior to filing civil actions though the administrative

process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v.

Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S.

516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion

requirement applies to all inmate suits about prison life whether they involve general

circumstances or particular episodes and whether they allege excessive force or some other

wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under

42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison

---

does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

[3] 42 U.S.C. § 1997e(a) provides as follows:
    No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

12

administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims she raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(overruled on other grounds), a Section 1983 action, citing

13

numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process was to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court....The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

14

Although failure to exhaust available administrative remedies is an affirmative defense, it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921; Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that the administrative remedies were unavailable falls to plaintiff. See Washington v. Rounds, 223 F.Supp.3d 452, 459 (D.Md. 2016)(citing Graham v. Gentry, 413 Fed.Appx. 660, 663 (4th Cir. 2011)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, at * 3 (S.D.W.Va. 2017)(citing Drippe v. Tobelinski, 604 F.3d 778, 782 (3rd Cir. 2010)); Lee v. Willey, 789 F.3d 673, 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse v. Duncan, 741 Fed.Appx. 177, 178 (4th Cir. 2018)(citation omitted)("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") If a plaintiff fails to exhaust his or her administrative remedies under the PLRA, then the defendant is entitled to judgment as a matter of law. See Legg v. Adkins, 2017 WL 72604, * 2 (S.D.W.Va. Feb. 23, 2017).

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, supra, 376 F.3d at 655(internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has

15

established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and

16

whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In her Amended Complaint, Plaintiff indicates that she did present the facts related to her claim in the prisoner grievance procedure. (Civil No. 1:22-cv-00515, Document No. 5, p. 3.) Plaintiff states that she filed "administrative remedies then a tort claim." (Id.) As Exhibits, Plaintiff attached the following: (1) A copy of her unsigned and undated "sensitive" remedy as allegedly filed with the Regional Office (Id., Document No. 5-1, p. 1.); (2) A copy of her "Claim for Damage, Injury, or Death" (Id., p. 2.); (3) A copy of a letter from the United States Department of Justice dated June 17, 2022, denying Tort Claim No. TRT-MXR-2022-00920 (Id., p. 3.); and (4) A copy of Plaintiff's "Inmate Request to Staff" dated October 9, 2022 (Id., p. 24.).

In her Motion, Defendant McGraw argues that Plaintiff failed to exhaust her administrative remedies concerning her Bivens claim. (Case No. 1:22-cv-00466, Document No. 17 and Document No. 20, pp. 6 – 8.) Defendant McGraw acknowledges that Plaintiff filed 18 administrative remedies or appeals while she has been incarcerated. (Id., Document No. 20, p. 7.) Defendant McGraw explains that the only administrative remedy "series" filed by Plaintiff relating to medical issues was Remedy Number 1077596, which was filed prior to the date of injury. (Id.) Thus, Defendant McGraw argues that this administrative remedy series cannot address the issues in this case. (Id.) Defendant McGraw contends that although Plaintiff alleges she did file administrative remedies, Plaintiff fails to provide any reliable records that she did so. (Id., p. 8.) Accordingly, Defendant McGraw argues that Plaintiff's claim should be dismissed for failure to exhaust. (Id.)

In support, Defendant McGraw submits the Declaration of Ms. Misty Shaw, a Paralegal

for the Mid-Atlantic Regional Consolidated Legal Center. (Id., Document No. 17-1.) Ms. Shaw declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Specifically, Ms. Shaw states as follows in her Declaration (Id., pp. 2 - 4.):

***

10.    Plaintiff has filed 18 administrative remedies or appeals while incarcerated.

11.    The only administrative remedy "series" Plaintiff has filed relating to medical issues was remedy number 1077596-F1, which was filed on April 20, 2021, appealed to the region (1077596-R1) on May 21, 2021, and finally appealed to central office (1077596-A1) on July 20, 2021.

12.    Since the initial remedy (1077596-F1) was filed prior to the date of injury, this administrative remedy series cannot address the issues in this case.

13.    Plaintiff has not filed any administrative remedies or appeals relating to her allegations in this case.

***

(Id.)

In Response, Plaintiff argues that she "filed a BP-9 on 7/28/21 and never received a response back." (Id., Document No. 23, p. 4.) Plaintiff explains that she "erred to make copies so she proceeded to a sensitive 10 on 8/15/21, which was rejected." (Id.) Plaintiff claims the foregoing constitutes the "BOP circumventing the system and obstructing the administrative remedy process." (Id.) Plaintiff further states that she "then filed the tort claim on 8/25/21 and was denied on June 17, 2022." (Id.)

Based upon a review of the record, the undersigned finds that Defendant McGraw has met her burden proving that Plaintiff failed to exhaust her available administrative remedies prior to filing her Complaint. In her Response, Plaintiff does not dispute that she failed to properly exhaust her administrative remedies prior to filing her Complaint. Plaintiff, however, appears to contend

18

that the administrative remedy process was unavailable. As stated above, whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel, 2017 WL 4004579, at * 3; Lee, 789 F.3d at 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse, 741 Fed.Appx. at 178 ("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") To establish his claim of unavailability, Plaintiff "must adduce facts showing that [s]he was prevented, through no fault of [her] own, from availing [herself] of that procedure." Graham, 413 Fed.Appx. at 663. In her Amended Complaint, Plaintiff indicates that she presented her claim in the prisoner grievance process. (Civil Action No. 1:22-cv-00515, Document No. 5, p. 3.) Plaintiff made no indication that the administrative process was unavailable. (Id.) In her Response, however, Plaintiff concludes that the BOP circumvented the administrative system and obstructed the administrative remedy process. (Case No. 1:22-cv-00466, Document No. 23, p. 4.) Such bare and conclusory assertions without producing a scintilla of evidence is insufficient to create a genuine dispute of material fact. See Silling v. Erwin, 881 F.Supp. 236, 237 (S.D.W.Va. 1995)(a party must offer more than bare allegations or conclusory statements to survive a motion for summary judgment). It is well established that a bare assertion that is unsupported by any detail will not satisfy a prisoner-plaintiff's burden of showing that remedies were unavailable. Mendez v. Breckon, 2021 WL 4268890, * 3 (W.D.Va. Sept. 20, 2021)(citation omitted); Creel, 2017 WL 4004579, at * 4 – 6 ("Unsubstantiated and conclusory assertions by an inmate that prison officials thwarted pursuit of the administrative process are insufficient to excuse failure to exhaust."); Tosado v. Gilbert, 2020 WL 6487685, * 3 – 4 (W.D.Va. Nov. 4, 2020)(stating that "numerous courts within the Fourth Circuit and elsewhere have held

that 'unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fails to create a genuine issue of material fact sufficient to withstand summary judgment"). As factual support for her unavailability claim, Plaintiff first indicates that she filed a BP-9 but the Warden never responded to such. The mere failure of the Warden to respond to Plaintiff's administrative remedy requests, however, does not render the administrative process unavailable. If the inmate does not receive a response at the expiration of the time limit at any stage of the process, the inmate may move to the next stage of the grievance process. See Veloz v. New York, 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004)(finding that inmate should not be excused from exhausting where the administrative remedy procedure offers available alternative means of exhausting). Plaintiff indicates that instead of proceeding to the next stage of the grievance process at the expiration of the time limit for receiving a response from the Warden, Plaintiff decided to pursue the administrative remedy request as a sensitive remedy to the Regional Office. This request was rejected by the Regional Office. Plaintiff acknowledges that at this point, she decided to forego the administrative remedy process and pursue her administrative tort claim.[4] The undersigned finds that the foregoing does not result in a finding that administrative remedy process was rendered unavailable. It merely appears that Plaintiff may not have had a clear understanding of the administrative remedy process. "[A] prisoner's claim that the grievance system was unavailable to her because she lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies." Graham v. County of Gloucester, 668 F.Supp.2d 734, 741 (E.D.Va. 2009)(citing authority from the Third, Sixth,

---

[4] The administrative process for a FTCA and *Bivens* action differ.

Seventh, Eighth, and Tenth Circuits), aff'd, 413 Fed.Appx. 660 (4th Cir. 2011); also see Gonzalez v. Crawford, 419 Fed.Appx. 522, 523 (5th Cir. 2011)(An inmate's "alleged ignorance of the exhaustion requirement, or the fact that he might have misconstrued the language in the handbook, does not excuse his failure to exhaust."); Napier v. Laurel County, 636 F.3d 218, 221-22 (6th Cir. 2011)(rejecting plaintiff's argument that "administrative remedies were not available to him" because administrators "failed to explain its grievance policy or the PLRA to him"); Twitty v. McCoskey, 226 Fed.Appx. 594, 596 (7th Cir. 2007)("A prisoner's lack of awareness of a grievance procedure . . . does not excuse compliance."); Russell v. Butcher, 2021 WL 1618458, * 5 (S.D.Va. April 26, 2021)(J. Goodwin)(finding that an inmate's "lack of knowledge of grievance procedures does not equate to unavailability"); State v. South Carolina Dept. of Corrections, 2019 WL 3773867, * 6 (D.S.C. Aug. 9, 2019)("Ignorance of the grievance process does not excuse [plaintiff's] failure to exhaust his administrative remedies."); Persinger v. Northern Regional Jail, 2015 WL 4645665 (N.D.W.Va. Aug. 5, 2015)("Lack of knowledge of the grievance process does not excuse compliance with the requirement that a prisoner exhaust his administrative remedies."); Adams v. Southwest Virginia Regional Jail, 2014 WL 3828392, * 3 (W.D.Va. Aug. 4, 2014)(finding that plaintiff's contention that his failure to exhaust should be excused based on his ignorance about the grievance process fails); Goodwin v. Beasley, 2011 WL 835937, * 3 (M.D.N.C. March 3, 2011)("Courts have squarely rejected prisoners' attempts to bypass the exhaustion requirements by merely arguing lack of knowledge about the grievance process."); Smith v. Boyd, 2008 WL 2763841, * 1 (D.S.C. July 11, 2008)("This court cannot waive the exhaustion requirement, which was specifically mandated by Congress, based on Plaintiff's ignorance of the requirement or any perceived futility or inadequacy with the administrative

grievance process.").

Furthermore, it is undisputed that Plaintiff's underlying claim occurred on July 25, 2021. During this period of time, SENTRY records reveal that Plaintiff filed multiple administrative remedies between April 27, 2021 and August 23, 2021. (Case No. 1:22-cv-00466, Document No. 17-1, p. 8.) Specifically, Plaintiff filed four remedies between August 17, 2021 and August 28, 2021 (Remedy ID Nos. 1080528-A1, 1074240-A1, 1077596-A1, 1091828-R1). (Id.) Plaintiff's ability to file a grievance during this time period exhibits that the administrative remedy process was available to Plaintiff. See Ferguson v. Clarke, 2016 WL 398852, * 6 (W.D.Va. Jan. 6, 2016)(inmate's allegation that the administrative process was unavailable was belied by evidence that inmate submitted other grievances within the same period); Al Mujahidin v. Harouff, 2013 WL 4500446, * 7 (D.S.C. Aug. 21, 2013)(finding that inmate could not avoid summary judgment by simply asserting an unsupported allegation that his grievances were not processed or destroyed, in light of documentary evidence showing that other grievances were processed). Based on the foregoing, the undersigned finds that Plaintiff's Bivens claim should be dismissed in view of her failure to exhaust her administrative remedies. Accordingly, the undersigned respectfully recommends that Defendant McGraw's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 17) be granted and Plaintiff's Amended Complaint be dismissed concerning her Bivens claim. The undersigned finds it unnecessary to consider the other reasons that Defendant McGraw has submitted for dismissal of Plaintiff's claim.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the BOP's

Motion to Substitute the United States as the Appropriate Party and Motion to Dismiss Punitive Damages Claim (Document No. 15) and **GRANT** Defendant McGraw's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 17), and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's FTCA claim.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 30, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

23