```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

MARQUITA LEIGH MEREDITH,

    Plaintiff,

v.                        CIVIL ACTION NOS.  1:22-00466
                                               1:22-00515

JESSICA MCGRAW, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, these actions were referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 30, 2023.  (See ECF No. 30).  In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Pro se plaintiff Marquita Leigh Meredith filed a timely objection. (See ECF No. 33).

### I.  Background

Ms. Meredith claims she injured her knee playing softball while incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia.  (See ECF No. 30 at 3).  She claims that prison

staff provided her with inadequate care for her injuries, severely exacerbating them.  (See id.).  Based on these allegations, she brought two lawsuits, which were consolidated into this action.  She asserts negligence claims under the Federal Tort Claims Act ("FTCA") against the Federal Bureau of Prisons, (see ECF No. 7), and she asserts claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971) against the nurse that allegedly evaluated her after her injuries, Jessica McGraw, (see Civil Action No. 1:22-cv-00515, ECF No. 5).

In response to these claims, the Bureau of Prisons moves to substitute the United States as the appropriate defendant to the FTCA claims, and to dismiss Ms. Meredith's request for punitive damages.  (See ECF No. 15).  Ms. McGraw moves to dismiss, or in the alternative for summary judgment on, the claims against her. (See ECF No. 17).

Magistrate Judge Aboulhosn recommends that this court (1) grant the Bureau of Prisons's motions to substitute the United States as the defendant and to dismiss Ms. Meredith's punitive damages request, (2) grant Ms. McGraw's "Motion to Dismiss, or the alternative, Motion for Summary Judgment," and (3) refer the matter back to him for further proceedings on the FTCA claims against the United States.  (See ECF No. 30 at 22-23).

2

Ms. Meredith objects only to the dismissal of her Bivens claims against Ms. McGraw.

## II.    Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

## III. Discussion

Magistrate Judge Aboulhosn recommends dismissing Ms. Meredith's Bivens claims for failing to exhaust her administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

3

Ms. Meredith does not object to Magistrate Judge Aboulhosn's proposed finding that she failed to exhaust her administrative remedies. Instead, she asks this court to "excuse the exhaustion requirements of the PLRA," arguing that potential administrative remedies were "unavailable" to her. (See ECF No. 33 at 2).

The PLRA's exhaustion requirement is well established: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Williams v. Carvajal, 63 F. 4th 279, 285 (4th Cir. 2023) (quoting 42 U.S.C. § 1997e(a)). "For Bivens purposes, proper exhaustion of available administrative remedies requires that 'a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Moore v. Rife, No. 1:20-00575, 2023 WL 2674860, at *2 (S.D.W. Va. Mar. 29, 2023) (quoting Dale v. Lappin, 376 F. 3d 652, 655 (7th Cir. 2004)). A prisoner must "use all steps" in the process. Id. (cleaned up) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Generally, "'a court may not excuse a failure to exhaust' because the PLRA's mandatory exhaustion scheme 'foreclose[es] judicial discretion.'" Asplund v. Carver, No. 1:21-00541, 2021

4

WL 7630111, at *3 (S.D.W. Va. Sept. 30, 2021) (quoting Ross v. Blake, 578 U.S. 632, 639 (2016)).  However, "the exhaustion requirement hinges on the 'availability' of administrative remedies:  An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."  Ross, 578 U.S. at 642 (cleaned up) (quoting 42 U.S.C. § 1997e(a)).

There are several circumstances that render administrative remedies unavailable.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  Id. at 643.  "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  Id.  Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Id. at 644.

In this case, Ms. Meredith argues that the administrative process was unavailable to her for two reasons.  First, she argues that she submitted an Administrative Remedy Request at the institutional level, the first step in the administrative process, on June 28, 2021, but never received a response.  (See ECF No. 33 at 1).  Second, she argues that "[d]ue to the effect of the pandemic there were many barriers when trying to file

5

administrative remedies, making [the] process effectively unavailable . . . ." (Id.).

Ms. Meredith's first argument, that she submitted an Administrative Remedy Request with no response, falls within the first potential category of unavailable administrative remedies: that her attempt to utilize the administrative process led to "a simple dead end." Ms. Meredith raised this argument before Judge Aboulhosn as well. However, he rejected it because she offered no evidence that she filed an Administrative Remedy Request, as she insists, and "[s]uch bare assertions without producing a scintilla of evidence is insufficient to create a genuine dispute of material fact." (ECF No. 30 at 19). This court agrees.

The record does not support Ms. Meredith's contention that she submitted an Administrative Remedy Request at the institutional level. The government offers prison records showing that Ms. Meredith filed eighteen prison remedies or appeals between March 25, 2021, and January 23, 2023, (see ECF No. 17-1), but that none were related to her alleged injuries in this case, which she claims occurred on July 25, 2021, (see ECF No. 30 at 3). This evidence belies both Ms. Meredith's argument that she submitted an Administrative Remedy Request, and her argument that the administrative process was unavailable to her.

With the government's evidence that Ms. Meredith failed to exhaust her administrative remedies, she bears the burden of showing that administrative remedies were unavailable: "Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that administrative remedies were unavailable falls to the plaintiff." Murray v. Matheney, No. 2:13-cv-15798, 2017 WL 4684746, at *4 (S.D.W. Va. Oct. 18, 2017) (quoting Creel v. Hudson, No. 2:14-cv-10648, 2017 WL 4004579, at *4 (S.D.W. Va. Sept. 12, 2017)).  However, her conclusory statement that she filed an Administrative Remedy Request, without more, does not carry her burden.  The court, therefore, agrees with Magistrate Judge Aboulhosn's finding that this argument fails to show that the administrative remedies were unavailable to Ms. Meredith.

Ms. Meredith's second argument, that the COVID-19 pandemic made the administrative process unavailable to her, is also contradicted by the evidence that she filed eighteen remedies and appeals after the pandemic started and during the same timeframe as her alleged injuries in this case.  Regardless, this court has rejected similar inmate efforts to use the COVID-19 pandemic to excuse the administrative exhaustion requirements for Bivens claims.  See Syslo v. Carver, No. 1:21-00533, 2021 WL 9037652, at *1 (S.D.W. Va. Sept. 30, 2021).  In rejecting these efforts, the court explained that "circumventing the exhaustion

7

requirement thus removing the agency's expertise from the process is shortsighted[,]" id. at *4 (quoting United States v. Thompson, 458 F. Supp. 3d 482, 486 (S.D.W. Va. May 5, 2020)), and that the court "will not read futility or other exceptions into statutory exhaustion requirements . . . ." Id. (quoting Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)).  Therefore, this argument likewise fails to show that the administrative remedies were unavailable to Ms. Meredith.

For these reasons, Ms. Meredith's objection to the PF&R is **OVERRULED**.

### IV. Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and plaintiff's objection.  For the reasons explained above plaintiff's objection (ECF No. 33) is **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. The Federal Bureau of Prisons's motion to substitute the United States as the defendant, and to dismiss plaintiff's punitive damages request (ECF No. 15) is **GRANTED**;

2. Defendant Jessica McGraw's "Motion to Dismiss, or the alternative, Motion for Summary Judgment" (ECF No. 17) is **GRANTED**.

The court **REFERS** this matter back to Magistrate Judge Aboulhosn for further proceedings regarding plaintiff's Federal Tort Claims Act claims against the United States.

**IT IS SO ORDERED** this 27th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge